JUANA MELÉNDEZ y ALEJA MORALES, demandantes y apeladas, *v.* ABELARDO MORALES, FELIPE e ISABEL SOTO, menores representados por su madre con patria potestad BASILISA SOTO y SANTOS REYES, menor representado por su madre con patria potestad DELIA REYES, demandados y apelantes.

No. 5317.—*Sometido:* Abril 23, 1931. *Resuelto:* Julio 12, 1932.

*Lens & Susoni,* abogados de los apelantes; *E. Martínez Avilés,* abogado de las apeladas.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Juana Meléndez, esposa que fué de Melitón Morales de quien se divorció, y Aleja o Alejandrina Morales, única hija de ese matrimonio, demandaron después de la muerte de Melitón Morales al hermano de éste, Abelardo Morales, a Felipe e Isabel Soto, menores de edad representados por su madre natural Basilisa Soto, y a Santos Reyes, también menor de edad y representado por su madre natural Delia Reyes, alegando que subsistente el matrimonio de Melitón Morales y de Juana Meléndez fué comprada por los consortes una finca rústica de 19½ cuerdas radicada en el barrio de Sabana Hoyo del término municipal de Arecibo: que para evitar Melitón Morales que esa finca le fuera embargada por una garantía que había dado la traspasó simuladamente a su hermano Abelardo Morales sin que mediara precio: que después de la muerte de Melitón Morales estuvo conforme Abelardo Morales en repartir ese terreno entre la hija legítima demandante y los tres menores de edad demandados por considerarlos hijos naturales reconocidos de Melitón, lo que no aceptó la demandante Alejandrina Morales pero Abelardo Morales por su sola cuenta entregó tres cuerdas y media de la finca a cada uno de los tres menores demandados y se reservó el resto de nueve cuerdas dividido en dos parcelas, una de cinco cuerdas y la otra de cuatro; y que los menores demandados no son hijos reconocidos de Melitón Morales. En la demanda se describieron la finca principal y las parcelas en que fué dividida y se solicitó que la corte declarase que las dos demandantes son las únicas dueñas de la finca y que ordene

que les sea entregada. Se opusieron los demandados a esa demanda y celebrado el juicio recayó sentencia declarando que las demandantes tienen un derecho a esa finca de 19½ cuerdas, una de ellas por sus gananciales y la otra como heredera legítima: que los menores demandados tienen un derecho a la herencia de Melitón Morales como hijos naturales reconocidos por él: y que tal finca corresponde a la sucesión de Melitón Morales. Contra esa sentencia interpusieron apelación solamente los demandados.

■ El primer motivo alegado para sostener este recurso es que la corte inferior erró al considerar que los testigos identificaron la finca en sus declaraciones. Basta leer el testimonio de Francisco Rivera prestado en el juicio para quedar convencidos de que no sólo describió la finca de 19½ cuerdas sino las distintas parcelas que de ella tiene cada uno de los demandados. Ese testigo no fué contradicho, y de acuerdo con el artículo 18 de la Ley de Evidencia la declaración de un testigo que merezca entero crédito es prueba suficiente de cualquier hecho, salvo perjurio o traición.

■ El segundo motivo es por haber considerado el tribunal inferior cierta la simulación de la venta efectuada por Melitón Morales a favor de Abelardo Morales sin prueba alguna a favor de dicha alegación y con prueba en contra.

La corte inferior dijo en la opinión escrita para fundar su sentencia que el demandado Abelardo Morales estimó que siendo los tres menores de edad hijos naturales de Melitón Morales debía corresponderles alguna participación en la finca y que por eso aprovechó la oportunidad del supuesto título a su favor para dividirla y entregar una parte a cada uno de ellos, conservando cinco cuerdas para Alejandrina Morales y reservándose cuatro cuerdas, creyendo que así facilitaba la verdadera repartición y división transmitiendo él directamente a los interesados, bajo color de compraventa, la participación que en su opinión correspondía a cada uno. Y agregó la corte, esto produjo la confusión que existe en la mente de las demandantes al alegar en el hecho sexto de su

demanda una confabulación que nunca existió entre los hermanos Morales, y que no pudieron probar las actoras. En esto se fundaron los apelantes para sostener su segundo motivo de error. Sin embargo, la corte también dijo a continuación que Abelardo Morales, demandado, con sus propios actos y admisiones puso de relieve que la venta formalizada en escritura pública de 10 de julio de 1913 de la finca Sabana Hoyo era simulada. Así, pues, la corte inferior declaró terminantemente la simulación de la venta de Melitón a Abelardo y lo único que hizo fué estimar que no hubo confabulación para quedarse Abelardo con la finca, como lo demostraron sus actos de dividirla y de entregar porciones como él estimaba ser justo. La simulación de la venta declarada por la corte aparece de la prueba que fué presentada, siendo la única evidencia en contrario la escritura de venta que la corte declaró simulada, por lo que no existe el error alegado en segundo término.

El tercero es porque la acción de las demandantes no fué declarada prescrita de acuerdo con los artículos 1858 y 1859 del Código Civil.

Esos preceptos legales se refieren a que el dominio y demás derechos reales sobre bienes inmuebles se prescriben por la posesión durante diez años entre presentes y veinte entre ausentes, con buena fe y justo título, y a quién se considera ausente. La corte inferior no hizo aplicación de ellos a este caso porque la posesión de los demandados no ha sido con buena fe y justo título, y la parte apelante se limita a decir que la argumentación del error anterior sostiene el de ahora, pero ya hemos visto que el demandado Morales tenía la finca simuladamente. Con respecto a los otros demandados la corte inferior dijo: "Los otros demandados ocupan la misma posición de Abelardo Morales, pues no ignoraban que éste carecía de un título justo, y aun cuando Basilisa Soto declaró que ella pagó a Morales el importe de esas parcelas, no es posible dar crédito a estas manifestaciones pues ella no iba a pagar lo que a sus hijos pudiera corresponderles a virtud

de un derecho hereditario, aunque la corte se explica benévolamente esa actitud de una madre que en alguna forma desea asegurar un título de propiedad a sus hijos.'' Por lo expuesto no existe el error alegado.

El cuarto y último fundamento de la apelación dice que la corte inferior cometió error al considerar válida en parte y nula en otra parte la venta efectuada por Melitón Morales a favor de Abelardo Morales.

Ni en la sentencia ni en la opinión de la corte para fundarla hay declaración alguna de que la venta de la finca de 19½ cuerdas sea nula en parte y válida en otra parte, como dicen los apelantes. Por el contrario, lo que existe en la opinión es la declaración precisa de que tal venta era simulada; y en la sentencia, que la finca objeto de este pleito no es de la propiedad única y exclusiva de los demandados sino que corresponde a la sucesión de Melitón Morales.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.